# Cleveland *v*. Edwards, Execx.

APPEAL from Mobile Chancery Court.

Heard before the Hon. WILLIAM H. TAYLOE.

CLARK & CLARK and A. D. SAYRE, for appellant.

PILLANS, TORREY & HANAW; CLARKES & WEBB; HENRY CHAMBERLIN and RICHARD D. DESHON, for appellee.

The original bill in this cause was filed by Julia Bright and others, as legatees under the will of Joseph R. Edwards, deceased, against Adelaide G. D. Edwards, his widow, individually and as executrix of his last will and testament, and Theodore H. Cox, assignee of Mrs. Edwards, in a deed of general assignment, and sought to remove the administration of the estate of Joseph R. Edwards from the Probate Court of Mobile county into the Chancery Court of Mobile, to compel the payment of legacies under the will, to set aside the assignment to Cox, and for other relief.

Joseph R. Edwards had been in his lifetime a merchant carrying on the grocery and ship chandlery business in several stores in the city of Mobile. He died August 4, 1890, leaving a will directing the payment of his debts, and disposing of the residue of his property among his wife and children. The will directed, among other things, as follows: "I especially charge my executrix of the importance of the immediate and rapid sale of all or enough of my personal property, stock in trade, merchandise, drays and wagons, furniture and fixtures, iron safes, etc., etc., as herein described and contained in said stores and offices, and the immediate collection and realization by suit, or otherwise, of all debts due me, account of same can be readily found by reference to the books and accounts. * * * And I further charge my said executrix that after the collection and realization of all the debts due me possible to be collected, and the sale of my personal property and whatever of my real estate she may deem best to sell, I desire her first to apply the proceeds of such sales or as much thereof as may be necessary to the immediate payment of all lawful and just

debts outstanding against me, and out of whatever cash balance there may be left after all my just debts are paid I desire her to give to each of my children," etc., etc. The wife was appointed sole executrix of the will. The will was duly probated August 18, 1890. After the death of Joseph R. Edwards his executrix and widow continued his business without balancing accounts, closing the old books or taking an inventory of the stock, but from time to time purchasing goods to replenish the stock and making sales for cash and on credit. This continued until December 14, 1891, when she executed a general assignment to Theodore H. Cox, of all property held by her "as well that standing in the name of the estate of J. R. Edwards as that held in her individual name," in trust to pay her debts and liabilities.

May 4, 1893, a decree was rendered as follows: "It is further ordered, adjudged and decreed that Theodore H. Cox be and is hereby appointed receiver of this court, and it shall be his duty to collect and take into his possession all of the assets of the estate of Joseph R. Edwards, deceased, as well as any and all individual property of Adelaide G. D. Edwards, which passed to him under her assignment to him on the 14th of December, 1891.

"It is further ordered, adjudged and decreed that said Theodore H. Cox, as such receiver, shall proceed to collect all accounts, choses in action that shall come into his hands, and shall also proceed to sell at private sale or at public outcry, free from any and all liens, mortgages and incumbrances whatever, all the real and personal property in his hands as such receiver either from the estate of Joseph R. Edwards, deceased, or of Mrs. Adelaide G. D. Edwards, and shall make report thereof to this court," etc.

It was also decreed that a reference should be had to the register to ascertain and determine what were the assets of the estate of Joseph R. Edwards and what individual property of Adelaide G. D. Edwards had come into the hands of Cox under her assignment to him, and who were the creditors of Adelaide G. D. Edwards.

Upon the register making his report, the appellant filed exceptions to said report and he also complained that by the final decree of the court the payment of his claim was postponed until the payment of the creditors

and legatees of J. R. Edwards, deceased. This court holds that inasmuch as the exceptions to the register's report were not reserved according to Rule 93 of Chancery Practice, the chancellor properly overruled them, and further that the decree of the chancellor postponing the payment of the appellant's claim until the payment of the creditors and legatees of J. R. Edwards was correct, and the decree of the chancery court was affirmed.

Opinion by DOWDELL, J.